**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Robert E. Blackburn**

Civil Action No. 14-cv-02381-REB

JOSEPH MOGAVERO,

     Applicant,

v.

T. K. COZZA-RHODES,

     Respondent.

---

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

**Blackburn, J.**

     This matter is before me on the **Application for a Writ of Habeas Corpus**

**Pursuant to 28 U.S.C. § 2241** ("Application") [#1][1] filed August 27, 2014, by Applicant,

Joseph Mogavero.  On October 6, 2014, Respondent was ordered to show cause why

the Application should not be granted.  Respondent filed **Response to Order To Show**

**Cause (Doc. 15)** ("Response") [#18] on October 27, 2014, and Applicant filed **Reply to**

**Respondent's Response to [Court Ordered] Order to Show Cause Motion To**

**Strike** ("Reply") [#19] on November 10, 2014.  After reviewing the pertinent portions of

the record in this case including the Application, the Response, and the Reply, I

conclude that the Application should be denied.

---

[1]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I. BACKGROUND

Mr. Mogavero was arrested by Illinois state authorities on February 6, 2006, for an outstanding warrant. [# 18-1 at 2, 13].  He was released on bond on February 8, 2006. [*Id.* at 2, 8].  On March 7, 2006, Mr. Mogavero was arrested by Illinois police officers on state felony charges of retail theft.  [*Id.* at 2, 10].  On May 18, 2006, he was sentenced in Illinois state district court to the following: (1) a 114-month prison term with 15 days credit for time served for robbery in Case No. 06-CF-1318-01; (2) a 9-year prison term with 74 days credit for time served for retail theft in Case No. 06-CF-539-1; and, (3) a 72-month prison term for forgery in Case No. 06-CF-606-1.  [*Id.* at 2, 10-12]. The state court ordered the sentences to run concurrently.  [*Id.*].  Mr. Mogavero was taken into custody of the Illinois Department of Corrections to serve his state sentences on May 22, 2006.  [*Id.* at 3, 14].

Mr. Mogavero was released to the temporary custody of the United States Marshals Service on April 15, 2008, pursuant to a federal writ of habeas corpus ad prosequendum issued by the United States District Court for the Northern District of Illinois. [*Id.* at 3, 17].

On December 14, 2009, the federal district court sentenced Mr. Mogavero to a 99-month prison term for bank robbery.  [*Id.* at 3,19-20].  The federal sentence was ordered to run concurrently with the undischarged state terms of imprisonment in Case Nos. 06-CF-539-001, 06-CF-1318-01, and 06-CF-606-01.  [*Id.* at 20].  On January 15, 2010, following the federal sentencing, Mr. Mogavero was returned to the custody of the Illinois Department of Corrections.  [*Id.* at 3, 18].

2

On March 18, 2011, Mr. Mogavero was released on parole from his state sentences and was taken into federal custody to serve the remainder of his federal sentence. [*Id.* at 3, 14, 18, 31].

The Bureau of Prisons (BOP) completed a "Willis/Kayfez Calculation Worksheet" for Mr. Mogavero and determined that he was entitled to 75 days of non-federal presentence credit.  [#18-1 at 28, 32].  Mr. Mogavero has a projected release date, via good conduct time, of February 3, 2017.  [*Id.* at 30].

Mr. Mogavero initiated this action by filing, *pro se*, his 28 U.S.C. § 2241 Application on August 27, 2014.  In a Preliminary Response to the Application, Respondent informed the Court that the affirmative defense of failure to exhaust administrative remedies would not be asserted in this action.  The case was thereafter drawn to the undersigned.

In the Application, Mr. Mogavero claims that he has been denied federal custody credit for the period he was in custody serving his state court sentences because the federal district court ordered the federal sentence to run concurrently with the state sentences.

## II.  LEGAL STANDARDS

### A.  28 U.S.C. § 2241

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence "and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997). A challenge to the calculation of a federal prison sentence is properly brought under 28

3

U.S.C. § 2241. *See Bloomgren v. Belaski*, 948 F.2d 688 (10th Cir.1991); *see also United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (construing petitioner's request for *nunc pro tunc* designation of his state facility for service of federal sentence as a habeas corpus petition under 28 U.S.C. § 2241).

**B.  *Pro Se* Litigant**

Mr. Mogavero is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *Pro se* status does not entitle Mr. Mogavero to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**C. Computation of Federal Sentence Under 18 U.S.C. § 3585**

Computation of a federal prison sentence is governed by 18 U.S.C. § 3585. That statute provides:

> (a) Commencement of sentence. — A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. *See also Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir.2006) (computation of a federal sentence requires consideration of two separate issues: (1) the commencement date of the federal sentence, and (2) the extent to which a defendant can receive credit for time spent in custody prior to commencement of his sentence). The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992).

## D. Concurrent or Consecutive Sentences Under 18 U.S.C. § 3584

While § 3585 governs calculation of a sentence by the BOP, § 3584 gives the federal sentencing court the power to impose a sentence that runs concurrently to a state sentence. Section 3584 provides:

(a) Imposition of concurrent or consecutive term. — If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times

5

> run consecutively unless the court orders that the terms are to run
> concurrently.
>
> (b) Factors to be considered in imposing concurrent or consecutive terms.
> — The court, in determining whether the terms imposed are to be ordered
> to run concurrently or consecutively, shall consider, as to each offense for
> which a term of imprisonment is being imposed, the factors set forth in
> section 3553(a).
>
> (c) Treatment of multiple sentence as an aggregate. — Multiple terms of
> imprisonment ordered to run consecutively or concurrently shall be treated
> for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584.

Thus, a federal district court has discretion under § 3584(a) to run a defendant's

federal sentence either concurrently with or consecutively to the undischarged term of

his state sentence. 18 U.S.C. § 3584(a); *see e.g., United States v. Candelas*, No. 10-

5089, 411 F. App'x. 190, 194 (10th Cir. Feb. 9, 2011) (unpublished) (recognizing federal

district court's discretion to impose federal sentence that runs consecutively or

concurrently to an undischarged state sentence).

## III.  ANALYSIS

Mr. Mogavero claims that the BOP has calculated his federal sentence

incorrectly.  He contends that he is entitled to credit against his federal sentence

beginning on March 7, 2006, when he was arrested and detained by state authorities on

state charges, because his federal sentence was ordered to run concurrently with his

state court sentences.  [# 1 at 14, 30].  Alternatively, Mr. Mogavero asserts that he is

entitled to credit against his federal sentence beginning on April 15, 2008, when he was

taken into temporary federal custody pursuant to a writ of habeas corpus *ad*

*prosequendum.* [*Id.* at 17, 21].

**A. Commencement of Federal Sentence**

I must first determine when Mr. Mogavero's federal sentence commenced.  As noted above, § 3585(a) states that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  A federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir.1980); *DeMartino v. Thompson*, No. 96-6322, 116 F.3d 1489 (10th Cir. July 1, 1997) (unpublished) (citing *Flores*).

Mr. Mogavero was sentenced by the federal district court on December 14, 2009. Although he was in the temporary custody of the United States Marshals service between April 15, 2008 and January 15, 2010, pursuant to a writ of habeas corpus *ad prosequendum* issued by the federal district court, he remained in the primary custody of the Illinois authorities, serving his state sentence.  *See Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002) (recognizing that when two sovereigns may claim custody over a prisoner, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant."); *see also Brown v. Perrill*, 28 F.3d 1073, at 1073-1074 (10th Cir. 1994) (recognizing that when a state transfers a person in custody to the federal government pursuant to a writ of habeas corpus *ad prosequendum*, the federal detention is generally recognized as being temporary)(citing *Hernandez v. United States Attorney General*, 689 F.2d 915, 918-19 (10th Cir. 1982)).  The time spent in federal detention under a writ of habeas

corpus *ad prosequendum* is credited against the state sentence, but not against the federal sentence. *See Binford*, 436 F.3d at 1256; *United States v. Welch*, 928 F .2d 915, 916 n. 2 (10th Cir.1991); *Hernandez v. U.S. Atty. General*, 689 F.2d 915, 918-19 (10th Cir. 1982). Accordingly, Illinois did not relinquish its primary jurisdiction over Mr. Mogavero until he completed his state sentence on March 18, 2011. *See Weekes*, 301 F.3d at 1180.

I find that the BOP's determination that Mr. Mogavero's federal sentence commenced on December 14, 2009, is consistent with § 3585(a). Applicant's federal sentence commenced on the day it was imposed, because on that date he was still in the primary jurisdiction of the state of Illinois serving his state sentences. Moreover, his federal sentence could not start any earlier than the date on which it was imposed. *See Flores*, 616 F.2d at 841; *DeMartino*, 116 F.3d 1489; *Zaring v. Davis*, 12-cv-00944-CMA, 2012 WL 3590913, at *4 (D.Colo. Aug. 21, 2012) (unpublished). Accordingly, the BOP correctly designated *nunc pro tunc* the Illinois correctional facility for service of Mr. Mogavero's federal sentence from the date it was imposed, December 14, 2009, so as to achieve the intent of the federal sentencing court in imposing a sentence to run concurrently with the undischarged term of Applicant's state sentences.

**B. Prior Custody Credit**

Mr. Mogavero's primary contention is that the BOP has refused to credit against his federal sentence the time he spent in state custody prior to the commencement of his federal sentence on December 14, 2009.  [# 1 at 14, 17, 21, 30].

Respondent maintains that an award of prior custody credit for the time period Applicant seeks is prohibited because it would constitute double credit contrary to the provisions of 18 U.S.C. § 3585(b). [# 18 at 5-8].  Respondent asserts that prior custody credit may only be granted for time spent in federal detention or other custody for which Applicant did not receive credit towards another sentence.  [Id.].

Mr. Mogavero does not challenge Respondent's assertion that he received credit against his state sentence for the period May 18, 2006, the date he was sentenced in state court, through December 13, 2009, the day before his federal sentence was imposed.[2]  However, Applicant seeks credit against his federal sentence for this same period of custody, which was prior to the commencement of his federal sentence and has already been credited against his state sentence.  [# 18-1 at 4, 14].  I conclude that

---

[2]I further note that Mr. Mogavero does not dispute that, in accordance with *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), the BOP awarded him prior custody credit toward his federal sentence from the date of his arrest on February 6, 2006, until his release on bond on February 8, 2006, and from the date of his arrest on March 7, 2006, until May 17, 2006, the day before his state sentence was imposed (a total of 75 days). [# 1 at 18; # 18 at 7; 18-1 at 4-5, 28-29].  According to Respondent,

> this time is creditable to Applicant's federal sentence, per *Willis*, because Applicant's state sentence full term date is absorbed by the federal full term date, resulting in no benefit to Applicant for prior custody credit applied only to his concurrent state terms. . . . Only the qualified state pre-sentence time (those 75 days enumerated above) can be applied to his federal sentence prior to the commencement date of December 14, 2009.

[# 18-1 at 4-5, 27-29].  As explained in the text above, the time Applicant spent in custody from May 18, 2006, through December 13, 2009, was not pre-sentence time but was in service of the state sentences after their imposition.  *See* 18 U.S.C. § 3585(b).

Mr. Mogavero is not entitled to additional credit against his federal sentence because "Congress made clear [in enacting § 3585(b) ] that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337; *see also Zaring*, 2012 WL 3590913, at *4 (finding that applicant was not entitled to additional credit against his federal sentence for time he spent in custody serving his state sentence because § 3585(b) prohibits double-counting of custody credit); *Cathcart v. United States Bureau of Prisons*, No. 99-6424, 211 F.3d 1277 (10th Cir. May 4, 2000) (unpublished) (recognizing that § 3585(b) prohibits petitioner from receiving credit for time served in federal custody where that time had been credited against his state sentence); *Azure v. Gallegos*, Nos. 03-1375, 03-8047, 03-8090, 97 F. App'x. 240, 244 (10th Cir. Mar. 26, 2004) (unpublished) (affirming district court's finding that § 3585(b) "prohibits credit for pre-sentencing confinement if that time was applied to a previously-imposed sentence"); *O'Bryan v. Wiley*, No. 07-1328, 261 F. App'x. 117 (10th Cir. Jan. 17, 2008) (unpublished) (affirming district court's finding that prisoner was not entitled to prior custody credit for time already credited against previous sentences).

## C. Concurrent Sentence

Finally, I address Mr. Mogavero's claim that he is entitled to *nunc pro tunc* designation of his federal sentence to commence in March 2006, when he began serving his state court sentences.  Applicant asserts that the *nunc pro tunc* designation is consistent with the federal sentencing court's order that his federal sentence run concurrently with his Illinois sentences.

The federal sentencing court, in imposing sentence on December 2009, ordered that the federal sentence was to run concurrently with the *undischarged* portion of the earlier-imposed state sentence.  [# 1 at 8; #18-1 at 20].  *See* 18 U.S.C. § 3584(a) (providing that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively").  "Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *DeMartino*, 116 F.3d 1489; *see also Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C.Cir.1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served."). Thus, the fact that Mr. Mogavero's federal sentence was ordered to run concurrently with his state sentence does not change the prohibition against double credit under § 3585(b).

Moreover, there is nothing in the federal judgment to indicate that the federal sentencing court intended to grant any adjustment for time served under the state sentence prior to commencement of the federal sentence on December 14, 2009. [# 18-1 at 19-24].  And, in any event, a sentencing court does not have authority to grant prior custody credit under § 3585(b). *See Wilson*, 503 U.S. at 333 (the authority to grant prior custody credit is vested with the Attorney General, acting through the BOP); *see also Torres v. Brooks*, No. 99-1321, 2000 WL 158963, at *2 (10th Cir. Feb. 15, 2000) (unpublished) (notwithstanding statement by federal sentencing judge that petitioner should receive credit for time spent in state custody prior to commencement of federal

11

sentence, petitioner not entitled to credit for this period because § 3585(b) prohibits such double credit).  Therefore, I find that the BOP correctly determined that Mr. Mogavero is not entitled to prior custody credit for the time he spent in official detention serving a state sentence prior to the imposition of his federal sentence where that same period has been credited against his state sentence.

This case is distinguishable from those in which the BOP designates an offender's state facility *nunc pro tunc* for service of his federal sentence, where the state court has ordered a state sentence to run concurrently with an existing federal sentence. *See*, *e.g.*, *Barden v. Keohane*, 921 F.2d at 476, 477-478 (3rd Cir. 1990) (recognizing that the Bureau of Prisons has the statutory authority to designate *nunc pro tunc* a prisoner's state facility as the place of confinement for his federal sentence where: the petitioner asserts that the designation is necessary to carry out the intention of the state sentencing court that his state sentence be served concurrently with his existing federal sentence; and, the federal judgment is silent as to whether the federal sentence would run consecutively to or concurrent with any future state sentence.)  In this case, the state sentence was imposed long before Applicant's federal sentence. *See Miller*, 594 F.3d at 1242 (distinguishing *Barden*, in part, on the basis that Mr. Miller was already serving his state sentence when he received his federal sentence).  Mr. Mogavero does not cite any authority, nor is the Court aware of any, to hold that a federal sentence may be designated *nunc pro tunc* to commence before it is imposed by the federal district court.  *See Flores*, 616 F.2d at 841.

Because Mr. Mogavero's federal sentence did not commence until December 14, 2009, he is not entitled to any credit toward his federal sentence for time spent in custody prior to that date (except for the prior custody credit afforded to him by the BOP under *Willis*). *See Azure*, 97 F. App'x at 244 (rejecting petitioner's argument that his federal and state sentences were not fully concurrent unless his federal sentence was deemed commenced from the date of the federal charge; instead, the concurrent sentence imposed by federal district court caused petitioner's state and federal sentences to run concurrently from the date of federal sentencing).

Based on the foregoing findings and conclusions, Mr. Mogavero's claim that the BOP has computed his federal sentence incorrectly lacks merit, and, thus, the Application will be denied.

### IV.  IFP

Under 28 U.S.C. § 1915(a)(3), the court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  ***See Coppedge v. United States***, 369 U.S. 438 (1962).  If Mr. Mogavero files a notice of appeal, he also must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

### V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [# 1] filed August 27, 2014, is denied;

13

2.  That this case is dismissed; and

3.  That leave to proceed *in forma pauperis* on appeal is denied.

Dated June 12, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

14